469 A.2d 120

**Ruth A. CARRENDER and Walter R. Carrender, her husband**

v.

**Paul FITTERER and Linda L. Fitterer, his wife, Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1983.

Decided Dec. 14, 1983.

180

James W. Evans, Harrisburg, for appellants.

Herbert A. Schaffner, Harrisburg, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-
TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

This appeal arises from an action in trespass brought by appellee Ruth Carrender in which appellee sought to recover for injuries sustained when she slipped on a patch of ice in a parking lot owned by appellants Paul and Linda Fitterer and used by appellants to provide parking to patients attending appellants' chiropractic clinic.[1] A jury found appellants to have been sixty-five percent negligent and appellee to have been thirty-five percent negligent, and awarded appellee damages of $70,000, an amount which was molded by the trial judge to reflect the parties' percentages of negligence. The judgment entered was affirmed by a panel of the Superior Court, and this Court granted allowance of appeal.

We conclude that the evidence presented by appellee was insufficient to support a verdict in her favor. Accordingly, we reverse the order of the Superior Court and remand the record to the Court of Common Pleas of Dauphin County with the direction that judgment be entered in favor of appellants.

### I

Appellee had been a patient of appellants' clinic for approximately seven years prior to the accident. On January 16, 1979, the day of the accident, appellee drove to appellants' clinic to receive treatment for a back ailment. She parked her car next to a parked car in the patients' lot, which is built on an incline contiguous to the clinic. A sheet of smooth ice covered the area of the parking lot between the two cars, but the rest of the surface of the parking lot

---

1. Appellee's husband, Walter Carrender, joined in the action and sought damages for loss of consortium. Although Walter Carrender is a party to this appeal, "appellee" will be used to refer to Ruth Carrender only.

was free of ice and snow. Upon opening the driver's door, appellee placed both feet on the icy surface and prepared to alight from her vehicle. At trial, appellee testified that, while still seated in her car, she had become aware of the slippery conditions of the surface below her.[2] Appellee, who wears a prosthesis consisting of an artificial lower leg, also testified that she had been aware of the particular danger that maneuvering on ice presented to a person with a prosthesis.[3]

Although appellee was aware that several convenient parking spaces free of ice were available, she kept her car

**2.** Direct examination by appellee's counsel revealed the following:
Q. Did you notice what the surface of the parking lot was on January 16th when you put your feet down on the ground?
A. Yes, it was icy.
Q. Did you look down at the ice?
A. Yes, I looked down at the ice.
Q. Were you worried about it at that point?
A. No, I was not.

**3.** The following was established on cross-examination by counsel for appellants:
Q. But you knew that you could not walk on ice with that prosthesis without endangering youself?
A. For any distance, yes, sir.
Q. You knew that if you did not have something to balance yourself or to hold onto in this particular situation you were subjecting yourself to a danger of your foot slipping, did you know that?
A. I had not given it a thought.
Q. But you knew it when you got out of the car because you were concerned about it, weren't you?
A. I was concerned about the ice underneath me, yes, sir.
Q. Your concern was that you could slip because of your prosthesis?
A. There was a possibility that I could.
Q. And you knew that?
A. I knew that but how was I going to get from that car over to my door.
At another point during cross-examination, the following exchange occurred:
Q. You knew from past experience ice was a special hazard to you?
A. And I tried to avoid it.
Q. I understand that and if ice was a special hazard to you unless you had some means by which you could hold or gain support, then you realized the hazard of injuring yourself, didn't you and you knew that?
A. Yes, I think I can answer yes to that question.

in the space which she had chosen, alighted from her vehicle, and proceeded across the ice toward the clinic, placing her hand on the adjoining vehicle to help negotiate the slippery surface. She entered the clinic some thirty feet away without incident. After receiving treatment, appellee retraced her steps to the rear of her car, where she again encountered the icy conditions. Again appellee gripped the adjoining automobile for support and proceeded across the ice toward the driver's door of her own automobile; once there, she abandoned her support and reached into her pocketbook to get her keys. Seconds later, she slipped and fell to the parking lot, sustaining a fracture of the left hip.

Appellee brought the present trespass action alleging that appellants had been negligent in failing to maintain the parking lot properly. At the close of appellee's case, appellants requested the entry of a compulsory non-suit on the ground that appellee had failed to establish a prima facie case of negligence. The trial court denied the request and directed appellants to proceed with their evidence.

At the conclusion of the parties' presentation of evidence, the trial court instructed the jury that a possessor of land has only a limited duty to prevent harm to invitees from known or obvious dangers. The court also instructed that if the jury should find that appellee had been contributorily negligent, such negligence could be taken into account in apportioning fault, and that any negligence on appellee's part would mitigate appellants' liability, if any, to appellee. The court, however, refused appellants' proposed "assumption of risk" charge, reasoning that the defense of assumption of risk as a complete bar to recovery had been wholly merged with the defense of contributory negligence, and that the proposed charge was thus incompatible with Pennsylvania's comparative negligence statute, 42 Pa.C.S. § 7102.[4] After the jury's verdict, the trial court denied

4. 42 Pa.C.S. § 7102 provides:
 (a) General rule.—
 In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a

appellants' motion for judgment notwithstanding the verdict and for a new trial.

On appeal, a panel of the Superior Court sustained the trial court's denial of appellants' motions for judgment n.o.v. and a new trial, ruling that the trial court had not erred in refusing to charge the jury on the defense of assumption of risk. On this appeal, appellants renew their contention that the motions for judgment n.o.v. and a new trial should have been granted.

## II

On this record the controlling issue is whether the trial court properly allowed the case to proceed to the jury on appellee's theory that appellants owed a duty to prevent harm to appellee from a known or obvious danger. We conclude that appellee's own testimony compels the conclusion that, as a matter of law, appellants were under no duty either to take precautions against or to warn of the isolated patch of ice on the parking lot.

■ The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee. See *Davies v. McDowell National Bank*, 407 Pa. 209, 180 A.2d 21 (1962); Restatement (Second) of Torts §§ 328–343B (1965). The parties agree that appellee was an invitee on the day she was injured.

recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.
(b) Recovery against joint defendant; contribution—
Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

 Possessors of land owe a duty to protect invitees from foreseeable harm. Restatement, supra, §§ 341A, 343 & 343A. With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

Restatement, supra, § 343. Thus, as is made clear by section 343A of the Restatement,

"[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Restatement, supra, § 343A. See *Atkins v. Urban Redevelopment Auth. of Pittsburgh,* 489 Pa. 344, 352–53, 414 A.2d 100, 104 (1980) ("the law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee"); *Palenscar v. Michael J. Bobb, Inc.,* 439 Pa. 101, 106–07, 266 A.2d 478, 480, 483 (1970) (same); *Repyneck v. Tarantino,* 415 Pa. 92, 95, 202 A.2d 105, 107 (1964) (same); *Kubacki v. Citizens Water Co.,* 403 Pa. 472, 170 A.2d 349 (1961) (same). A danger is deemed to be "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." Restatement, supra, § 343A comment b. For a danger to be "known," it must "not only be known to exist, but ... also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." Id. Although

the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion. See Restatement, supra, § 328B comments c and d.

■ Appellee's own testimony showed not only that the existence of the ice was obvious to a reasonably attentive invitee, but also that appellee herself was aware of the ice and appreciated the risk of traversing it. Before alighting from her vehicle, appellee knew both that a sheet of ice lay next to the driver's side of the parking space which she had selected and that this condition presented a danger. She nevertheless proceeded across the ice, both when she emerged from her car and again on her return to the car. There was nothing presented on the record to indicate that, notwithstanding the obviousness of the danger, appellants should have anticipated that the patch of ice might go unnoticed by appellee or any other patient; on the contrary, appellants could reasonably expect that, in light of the number of clear, convenient spaces available, appellee and other invitees would recognize the danger posed by the ice and choose to park in another, ice-free space to avoid it. See Restatement, supra, § 343A comment g.[5]

In light of appellee's uncontradicted testimony, it must be concluded that the danger posed by the isolated patch of ice

5. Comment g to section 343A provides that a public utility or a governmental unit, entities more likely to expect that an invitee will encounter danger on land than other landowning entities, see Restatement, supra, § 343A(2), nevertheless "may reasonably assume that members of the public will not be harmed by known or obvious dangers which are not extreme, and which any reasonable person exercising ordinary attention, perception, and intelligence could be expected to avoid. *This is particularly true where a reasonable alternative way is open to the visitor, known or obvious to him, and safe.*" (emphasis added). See § 343A Illustration 9 (steamship company not liable for injuries sustained by passenger who stumbles over trunk while "preoccupied with her own thoughts," where passenger had ample room for passage around trunk and other visible objects). Compare *Jones v. Three Rivers Management Corp.,* 483 Pa. 75, 394 A.2d 546 (1978), and *Pro v. Pennsylvania Railroad Co.,* 390 Pa. 437, 135 A.2d 920 (1957) (landowner liable where invitee's attention diverted by feature of premises).

was both obvious and known, and that appellants could have reasonably expected that the danger would be avoided. Thus, appellee failed to establish the element of duty essential to a prima facie case of negligence, and appellants were, therefore entitled to a judgment notwithstanding the verdict. See *Atkins v. Urban Redevelopment Auth. of Pittsburgh,* supra (judgment n.o.v. proper where danger of missing step obvious to invitee); *Knapp v. Bradford City,* 432 Pa. 172, 247 A.2d 575 (1968) (judgment n.o.v. proper where plaintiff's own testimony indicated that danger was open and obvious).

### III

Although appellee concedes that her testimony supports a determination that the danger was either known or obvious to her, Brief of Appellee at 10, she contends, and the Superior Court concluded, that her knowledge of the risk is relevant only to the question whether she assumed the risk, and not to the issue of whether appellants owed her a duty of care in the first instance. According to appellee, once the invitee proves the existence of the invitee-possessor relationship, the existence of a duty has been established, and the burden then shifts to the possessor of land to show that the invitee is not entitled to relief because the invitee assumed the risk of injury from a hazardous condition of the possessor's property. Appellee further argues that the comparative negligence statute, 42 Pa.C.S. § 7102, reflects a legislative intent to remove assumption of risk as an absolute bar to recovery and to incorporate the defense into the comparative negligence framework. Thus, appellee asserts, the fact that she appreciated the dangerous condition of the parking lot and proceeded voluntarily to encounter it are facts which may be considered by the jury in apportioning fault, but should not operate as a total bar to recovery.

Appellee misperceives the relationship between the assumption-of-risk doctrine and the rule that a possessor of land is not liable to his invitees for obvious dangers. When an invitee enters business premises, discovers dangerous

conditions which are both obvious and avoidable, and never-theless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks. See Harper & James, The Law of Torts, Vol. 2 § 21.1 (1956); Prosser, Law of Torts § 68 at 440–446 (4th ed. 1971); Restatement, supra, § 496A comment c & § 496C comments b, d, & e. By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself. See *Joyce v. Quinn,* 204 Pa.Super. 580, 885–86, 205 A.2d 611, 613 (1964); *Smith v. Seven Springs Farms, Inc.,* 716 F.2d 1002 (3d Cir.1983). See generally Bohlen, *Voluntary Assumption of Risk,* 20 Harv.L.Rev. 14 (1906). It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers. Thus, to say that the invitee assumed the risk of injury from a known and avoidable danger is simply another way of expressing the lack of any duty on the part of the possessor to protect the invitee against such dangers. See *Jones v. Three Rivers Management Corp.,* 483 Pa. 75, 394 A.2d 546 (1978) (operator of baseball park owes no duty to guard against common, frequent, and expected risks of baseball; duty extends only to foreseeable risks not inherent in baseball activity).

 Viewed in this context, appellee's claim based on the comparative negligence statute must fail. For fault to be apportioned under the comparative negligence statute, there must be two negligent acts: a breach of duty by the defendant to the plaintiff and a failure by the plaintiff to exercise care for his own protection. Whatever the effect of the adoption of a system of comparative fault on the defense of assumption of risk where that defense overlaps and coincides with contributory negligence, the adoption of such a system has no effect where, as here, the legal consequence of the invitee's assumption of a known and avoidable risk is that the possessor of land is relieved of a

duty of care to the invitee. See Schwartz, Comparative Negligence § 9.4 at 168–69 (1974).[6]

As the record fails to establish a duty owed to appellee by appellants, the order of the Superior Court affirming the denial of appellants' motion for judgment notwithstanding the verdict must be reversed and the record remanded to the Court of Common Pleas of Dauphin County with the direction that judgment be entered in favor of appellants.

Order of the Superior Court reversed and record remanded to the Court of Common Pleas of Dauphin County for proceedings consistent with this opinion.

FLAHERTY, J., joins in this opinion and files a concurring opinion in which LARSEN, J., joins.

FLAHERTY, Justice, concurring.

I join the majority but write separately to emphasize that plaintiff is barred from recovery because the possessor of land owed no duty to protect from an obvious hazard, *not* because plaintiff assumed a risk. As was observed in *Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 437 A.2d 1198 (1981), where a plaintiff, as here, subjects herself without any justification to the danger of injury, the proper disposition of the case is "the court's determination that, as a matter of law, defendant owed plaintiff no duty...." supra, 496 Pa. at 613, 437 A.2d at 1209.

6. Appellee also argues that the defense of assumption of risk was abrogated altogether by this Court's decision in *Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 437 A.2d 1198 (1981). In *Rutter,* Mr. Justice Flaherty filed an opinion urging the abrogation of assumption of risk as a defense, which was joined by Mr. Justice Larsen and Justice Kauffman. Chief Justice O'Brien concurred in the result. This writer filed a dissenting opinion as did Mr. Justice Nix, and Justice Wilkinson joined in both dissenting opinions.

The reasoning of this opinion is consistent with the opinion of Mr. Justice Flaherty in *Rutter,* which specifically noted that a holding that a risk has been assumed is in many cases tantamount to a determination that, as a matter of law, the defendant owed the plaintiff no duty. See *Rutter,* supra, 496 Pa. at 613, 437 A.2d at 1209. See also *Atkins v. Urban Redevelopment Auth. of Pittsburgh,* supra.

Indeed, as was noted in *Rutter,* supra, 496 Pa. at 614 n. 6, 437 A.2d at 1210 n. 6, the retention of an "assumption of risk" analysis in cases governed by our comparative negligence statute (as *Rutter* was not) would be inimical to the purposes of a comparative negligence system.

LARSEN, J., joins this Opinion.