## Reachard v. UGI Gas Co.

*James W. Harris,* for plaintiff.
*Nicholas A. Veronis,* for defendants Truman E. Horner Inc. and Chambers Development Co.
*Michael D. Pipa,* for defendant UGI Gas Co.

DOWLING, *J.,* April 17, 1991—While the term 'tort' has apparently escaped the boundaries of definition,* the word is derived from the Latin *tortus,* or twisted, and was at one time in common use as a synonym for "wrong." For example, it is found in Spenser's "Faerie Queene" (1596), in the following passage from the fourth book:

> The lyon did with the lamb consort
> And eke the dove safe by the faulcons side;
> No each of other feared fraud or tort
> But did in safe security abide.

When negligence began to appear as the basis for a tort, it led to the concept that there had to be some specific relationship between the plaintiff and the

---

* A really satisfactory definition of a tort has yet to be found. Handbook of the Law of Torts, William L. Prosser, 4th Edition.

defendant before liability could be enforced. As Lord Esher stated in *Le Lieure v. Gould,* 1 Q.B. 491, 497 (1893):

"The question of liability for negligence cannot arise at all until it is established that the man who has been negligent owed some duty to the person who seeks to make him liable for his negligence . . . A man is entitled to be as negligent as he pleases toward the whole world if he owes not duty to them."

The leading authority on torts, William L. Prosser, is critical of this idea, stating:

"The statement that there is or is not a duty begs the essential question—whether the plaintiff's interests are entitled to legal protection against the defendant's conduct. It is therefore not surprising to find that the problem of duty is as broad as the whole law of negligence, and that no universal test for it ever has been formulated. It is a shorthand statement of a conclusion, rather than an aid to analysis in itself."

The instant case is illustrative of these historical fundamentals. Plaintiff Margaret Reachard alleges in her complaint that she sustained injuries while acting as a volunteer for North York Crab Hut when she fell into a hole as the pavement on which she was standing collapsed. The incident occurred while she was placing garbage in a dumpster on the premises. She claims that the pavement was under-supported because defendant UGI Gas Company had earlier excavated gas lines in search of a leak, and that the fill used to cover the dig had settled, creating a hole underneath the pavement. The sinking condition was further caused by pressure from refuse collection trucks owned by defendants Truman E. Horner Inc. and Chambers Development Company. She further avers that, although she gave

prior notices to defendants, no action was taken to correct or alleviate the dangerous condition.

This is a demurrer. Defendants Horner and Chambers contend that they owe the plaintiff no duty because: (a) of their status as being neither owners nor possessors; and (b) plaintiff was aware of the alleged dangerous condition. In reviewing the cases cited by the respective parties in their briefs, it is vital to keep in mind the procedural posture of these decisions, i.e., whether they deal with preliminary objections, summary judgment, or reviewed jury verdicts. In the latter situations, the court has the benefit of the plaintiff's testimony, either by way of deposition or trial testimony. It would be most unusual, as it should be, if a mere allegation in a pleading without the complete factual scenario were to enable one to make a determination which should be based on the particular facts of the situation.

We can find no authority for the proposition that, if the defendants are neither owners nor possessors, they are thereby excused from extending any duty of due care to the plaintiff. In fact, the law appears to be to the contrary, for in *Malinder v. Jenkins Elevator and Machinery Company,* 371 Pa. 414, 538 A.2d 509 (1988), the Superior Court pointed out that:

"In the instant case, which involved the condition of the premises where the accident occurred, the duty of the entities hired to inspect the elevator which was owed to appellee, who was in essence an invitee upon the premises, was to warn of a danger which was not known or obvious. Thus although technically the defendants in the case before us are not possessors of land who owe specific duties to people on the land depending on the status of the person on the property, a similar duty of care to appellee in this case is involved."

Plaintiff was certainly not a trespasser; her entry was permissive, consensual, or otherwise privileged, and she came within the foreseeable orbit of the risk of harm from a defective condition on the premises. While the objecting defendants did not do the excavation, they allegedly contributed to the defective condition on the premises by constantly driving over the excavated area.

The second prong of the demurrer is based on the fact that one may be relieved from the duty of care where the plaintiff assumes a known and avoidable risk. This argument is bottomed on *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983). But *Carrender* involved a review of the plaintiff's detailed trial testimony from which the court was able to conclude that, as a matter of law, the dangerous condition, i.e., the existence of ice, was obvious to a reasonably attentive invitee and the fact that the plaintiff herself admitted that she was aware of the risk. The court stated:

"In light of appellee's uncontradicted testimony, it must be concluded that the danger posed by the isolated patch of ice was both obvious and known, and that appellants could have reasonably expected that the danger would be avoided. Thus, appellee failed to establish the element of duty essential to a prima facie case of negligence, and appellants were therefore entitled to a judgment notwithstanding the verdict."

Here we have no sworn deposition or trial testimony, but simply an allegation and a complaint that plaintiff gave defendants repeated notice of the dangerous condition. This, indeed, places plaintiff on thin ice as regards the issue of assumption of risk, or, as the Supreme Court prefers to call it, the lack of duty owed the invitee. However, we cannot tell at this stage of the proceedings whether the expanding

details of this averment will or will not create a jury issue and whether, as plaintiff skates further on the pond of litigation, the ice will break, or become sturdier.

Accordingly, we enter the following

## ORDER

And now, April 17, 1991, the preliminary objections of defendants Truman E. Horner Inc. and Chambers Development Company are denied.