**Stephen K. ERNST; Debra S. Rosenberg, Appellants,**

v.

**Shirley BARR; Fireman's Fund Insurance Company, A Wholly Owned Subsidiary of Allianz A.G. of Munich Germany.**

No. 02–4518.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 22, 2004.

Decided March 10, 2004.

---

## OPINION OF THE COURT

### PER CURIAM:

#### I.

Stephen Ernst and his wife, Debra S. Rosenberg, (collectively "Ernst") brought suit against Ernst's stepmother, Shirley Barr ("Barr"), and her insurance carrier, Fireman's Fund Insurance Company,[1] for physical injuries sustained by Ernst in a fall down the staircase at Barr's home. The parties consented to have all proceedings handled by a Magistrate Judge and submitted the liability portion of the case on cross-motions for summary judgment. The Magistrate held that Ernst was a business invitee, rather than a social licensee, but he nevertheless granted summary judgment in favor of Barr, concluding that even under the duty owed a business invitee, Barr had no duty to protect Ernst from the hazard in question. Because we believe that the Magistrate Judge did not err in granting summary judgment to Barr, we affirm.

#### II.

Ernst argues that the Magistrate Judge improperly placed the burden of proof of the assumption of risk upon Ernst. Furthermore, he contends that nothing in the record supports the Magistrate Judge's conclusion that Ernst had a reasonable alternative to using the staircase as he did, i.e., with both hands occupied by the food tray.

The Pennsylvania Supreme Court has stated that a " 'possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or

William G. Blasdel, Jr., Philadelphia, PA, for Appellants.

Charles J. Daly, Campbell, O'Keefe, Nolan & Daly, Philadelphia, PA, for Appellee.

Before: ALITO and CHERTOFF, Circuit Judges, and DEBEVOISE, District Judge.*

---

* Hon. Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

1. Fireman's Fund Insurance Company was dismissed by stipulation and is not a part of this appeal.

obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.' " *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120, 123 (Pa.1983) (*quoting* Restatement (Second) of Torts § 343A). A "danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.' " *Id.* This Court, applying Pennsylvania law, has stated that a possessor owes no duty to a business invitee where the invitee " 'discovered dangerous conditions which [were] both obvious and avoidable, and nevertheless proceeded voluntarily to encounter them.' " *Kaplan v. Exxon Corp.*, 126 F.3d 221, 226 (3d Cir.1997) (*citing Carrender*, 469 A.2d at 125) (brackets in *Kaplan*). A plaintiff "voluntarily confronts a danger only where there is a real 'choice' involved," that is, where "a safe alternative" exists "to encountering the risk." *Id.* (internal citations omitted).

In reviewing the decision of the Magistrate Judge, we proceed on the assumption that Barr had the burden of producing evidence that Ernst was aware of the haz-ard and that there was a safe alternative to his course of action. Viewing the evidence in the summary judgment record in the light most favorable to Ernst, we conclude that a trier of fact could not reasonably find that Barr did not prove those elements. Ernst had been to his stepmother's home on half a dozen occasions and, on at least one occasion, had used the stairs to the second floor. App. at 53. There was a handrail on the left side of the stairway and it is obvious that Ernst could have carried the dishes down in several trips. Given all this, it is clear that Ernst assumed the risk of the open stairway and that Barr owed him no duty.

### III.

We have reviewed all of Ernst's arguments and see no grounds for reversal. Therefore, we affirm the order of the District Court.