**Hurvitz v. Starbucks Corp.**

*Stephen C. Hurvitz,* for plaintiff.
*Anthony W. Hinkle,* for defendant.

DiVITO, *J.,* November 20, 2007—

## PROCEDURAL HISTORY

On May 3, 2006, Judith Hurvitz filed a complaint against Starbucks for personal injuries, alleging a premises-liability negligence claim. On December 28, 2006, an award of arbitrators was entered in favor of plaintiff in the amount of $40,000. Starbucks appealed on January 12, 2007. On May 11, 2007, Starbucks filed a motion for summary judgment. Plaintiff filed her answer on May 29, 2007, and her own motion for summary judgment on June 13, 2007. On June 21, 2007, this court granted Starbucks' motion for summary judgment, with prejudice to plaintiff. Plaintiff subsequently filed this appeal.

## FACTUAL HISTORY

On November 26, 2005, Judith Hurvitz was served a cup of hot water for tea at a Starbucks store. The hot water was served in a "double cup." When Ms. Hurvitz removed the lid from the container to insert a tea bag,

she spilled hot water on her forearm, causing first- and second-degree burns to her hand and forearm.

## DISCUSSION

Summary judgment is appropriate when upon completion of discovery the moving party has established that there exists no genuine issue of material fact necessary to sustain the cause of action. Pa.R.C.P. 1035.2; *Horne v. Haladay,* 728 A.2d 954, 955 (Pa. Super. 1999).

Plaintiff brings a premises-liability negligence claim. The basic elements of a negligence cause of action are: (1) duty owed by defendant, (2) breach of duty by defendant, (3) plaintiff incurred actual loss or damages, and (4) there is a causal connection between defendant's breach and plaintiff's damages. *Krentz v. Conrail,* 589 Pa. 576, 588, 910 A.2d 20, 27 (2006). The breach of a duty owed to a business-invitee exists where the possessor: (1) knows or by exercise of reasonable care would discover the condition and should realize that it involves unreasonable risk of harm to invitees, (2) should expect that an invitee will not discover or realize the condition or fail to protect against it, and (3) fails to exercise reasonable care to protect the invitee against the condition. *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983). Therefore, the primary inquiry is whether a dangerous or defective condition exists and, if so, whether it involves an unreasonable risk of harm.

Plaintiff has not alleged sufficient facts to support a finding of an unreasonable risk of harm. Plaintiff alleges only that the hot water was improperly packed and was therefore in a defective condition, without providing facts

to substantiate how it is so. Plaintiff does not proffer any evidence as to breach of industry standards, problems with the construction of the cup or lid, or that the cup was improperly over-filled.

In Pennsylvania, where a reasonable person in the position of an invitee exercising normal perception, intelligence and judgment would recognize a danger, it is deemed obvious. *Id.* No liability exists when the dangerous condition is obvious to an invitee. Restatement (Second) of Torts §343A(1) (1965).

Plaintiff was served hot water in a double cup. The cups are not alleged to be defective or damaged, and the water was "double-cupped" for her protection. A reasonable person in Ms. Hurvitz' position would know that hot water can cause a burn, and as such, reasonable care must be exercised when handling it and removing and replacing a lid.

The accident at issue occurred when Ms. Hurvitz removed the lid from the double cup, causing hot water to spill out and burn her arm. Her subsequent injury is the result of a mere accident. Further, "the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." *Moultrey v. Great A & P Tea Co.,* 281 Pa. Super. 525, 422 A.2d 593 (1980).

Plaintiff must establish that Starbucks deviated from the duty of reasonable care that it owed in the circumstances (that Starbucks knew or in the exercise of reasonable care should have known of the harmful condition).

484

*Neve v. Insalaco's,* 771 A.2d 786 (Pa. Super. 2001). Plaintiff has failed to establish that Starbucks breached a duty owed to her, and cannot establish a prima facia negligence cause of action. Consequently, there exists no genuine issue of material fact as to any negligence on the part of Starbucks which could have caused Ms. Hurvitz' injury. Therefore, summary judgment is appropriate.

## CONCLUSION

Based on the foregoing, the judgment in the case should be affirmed.