**Winter v. City of Pittsburgh**

C.P. of Allegheny County, no. GD 07-27552.

*Thomas D. Hall,* for plaintiff.
*Craig Dietz, John Deasy,* and *John Benty*, for defendants.

FRIEDMAN, *J.,* October 27, 2010—Plaintiffs have

appealed from two of this court's orders which granted the motions for summary judgment of all three defendants and which dismissed plaintiffs' complaint as to all of them.

Oral argument on the motions for summary judgment was heard by the undersigned on June 15, 2010. We orally granted summary judgment in favor of the Commonwealth of Pennsylvania and we memorialized that in a written order dated June 21, 2010. We took the motions of defendants City of Pittsburgh and Forest City Enterprises, Inc. under advisement. On July 20, 2010, we filed a memorandum and order granting both of those defendants' motions. On August 18, 2010, plaintiffs filed their notice of appeal.

Before we reach the merits of the appeal, we must first note that there is a question as to whether plaintiffs' statement of matters complained of in accordance with Pa. R.A.P. 1925 has been properly filed of record.

On August 31, 2010, we entered an order directing plaintiffs to file a "statement of matters complained of on appeal and serve it on the undersigned and the parties pursuant to Pa. R.A.P. 1925(b)(1), no later than 21 days from the date of this order. Any issue not properly included in a timely filed and served statement shall be deemed waived."

We received copies of plaintiff's amended notice of appeal and "statement of matters complained of in accordance with Pa. R.A.P. 1925." The two documents were accompanied by a cover letter dated September 15, 2010, addressed to the Chief Clerk's Office of the Commonwealth Court of Pennsylvania, at what appears to be its correct current address, with the undersigned and other counsel on

the case cc'd. The cover letter indicates that the statement is in response to the trial court's August 31, 2010 order, and requests that the clerk of the commonwealth court file the originals. However, plaintiffs' statement of matters does not seem to be noted on the commonwealth court's docket as viewed on its website, so it is unclear whether the statement was docketed or not.

In addition, plaintiffs' statement of matters is not shown on the trial court's docket. Pa. R.A.P. 1925(b) provides in pertinent part:

(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. - If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("statement").

(1) Filing and service. - Appellant shall file of record the statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa. R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, certificate of mailing, or other similar United States Postal Service form from which the date of deposit can be verified, in compliance with the requirements set forth in Pa. R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified

under Pa. R.A.P. 121(c).

The undersigned did receive a properly served copy of plaintiffs' statement, so we will leave it to the commonwealth court to determine whether there is any problem posed by the non-docketing of the statement in either the trial court or the commonwealth court.

We now turn to the substantive issues in the case. This is a personal injury case in which plaintiff Harriet Winter, a minor who was 16 years old at the time of the incident, alleges that she slipped and fell on the Station Square River Front Trail located in the City of Pittsburgh. Plaintiff was a resident of Chesterfield, Mo., and had come to Pittsburgh with her family to visit friends. On the date of the incident, plaintiff and her family parked in a parking lot adjacent to Station Square to ride the inclines up to Mount Washington. The group used the Monongahela Incline to travel up the slope. After sightseeing, the group walked to the top of the Duquesne Incline and used it to travel down the slope. They then crossed Carson Street and walked to a walkway known as the River Front Trail.

As they walked on the River Front Trail, they observed that there was snow and ice on the trail. Plaintiff's mother, co-plaintiff Fiona Winter, cautioned the children to be careful because it was slippery. Plaintiff-minor was aware that she was walking on a snow and ice covered walkway. The group continued on the trail toward the parking lot where their vehicle was parked. Plaintiff slipped on the ice fell, injuring her left wrist.

In their statement of matters, plaintiffs assert that the

following rulings were erroneous:

(a) The ruling that defendants did not owe plaintiffs a duty as a matter of law pursuant to *Carrender v. Fitterrer*, 503 Pa. 178, 469 A.2d 120 (1983);

(b) The ruling that issues of material fact do not exist as to whether the danger was open and obvious "by plaintiffs' own admission";

(c) The ruling that, as a matter of law, reasonable minds could not differ regarding defendants' having no legal duty under the circumstances to eliminate, prevent or otherwise warn plaintiffs of the hazard;

(d) The ruling granting defendants' summary judgment despite Pa. R.C.P. 1035.2(1) when discovery was still open and active and defendant Forest City had been delinquent and deficient in answering plaintiffs' written discovery concerning the tent adjacent to the area where minor plaintiff fell;

(e) The finding that "both the injured minor and her parent observed ice on the path yet chose to continue despite the recognized hazard"; and

(f) All other subsidiary issues related to those mentioned above that led the Honorable Judith L.A. Friedman to grant the underlying motions for summary judgment on the basis of defendants lack of a legal duty argument.

The above statements boil down to one issue, whether or not there were disputed material facts involving the defendants' duty to the minor plaintiff

that would require the case to be submitted to a jury. The *material* facts on this issue were not disputed, so we properly granted summary judgment in favor of the defendants.

We note that the issue of whether or not "discovery was still open and active" is of no legal significance here, given plaintiffs' own version of what they saw (snow and ice, slippery conditions) and what they did (proceed anyway). Forest City's inadequate responses to any discovery questions would be irrelevant to plaintiffs' admitted awareness of the hazard they willingly attempted to navigate.

The appeal is without merit and should be denied.