J-A09034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RANDOLPH DAHL AND MARY KATHERINE DAHL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 767 WDA 2020 |
| SAM'S EAST, INC. T/D/B/A SAM'S CLUB, INC. | : | |

Appeal from the Order Entered June 29, 2020
In the Court of Common Pleas of Butler County Civil Division at No(s):
2018-11125

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                      **FILED: JUNE 1, 2021**

Randolph Dahl (Mr. Dahl) and Mary Katherine Dahl, his wife (together, Appellants), appeal from the order of the Court of Common Pleas of Butler County (trial court) granting summary judgment in favor of Sam's East, Inc., trading and doing business as Sam's Club, Inc. (Sam's Club). We affirm.

**I.**

This is a premises liability case arising out of a trip and fall that happened while Mr. Dahl was shopping at Sam's Club. While in the produce section, he walked toward a flatbed restocking cart at the end of an aisle. He stopped at the cart and smelled strawberries that were stacked on top. After

_____

[*] Retired Senior Judge assigned to the Superior Court.

putting the strawberries back, he went to step around the cart. His right foot went past the cart but his left foot got caught underneath, causing him to trip and fall. The fall caused injuries to his knees and left elbow, as well as a fractured wrist and a torn rotator cuff. Seeking damages for those injuries, Appellants sued Sam's Club for negligence and loss of consortium, claiming that Sam's Club had breached its duty of care by leaving the cart in the shopping aisle.

After discovery was closed, Sam's Club moved for summary judgment. In addressing this motion for summary judgment, the trial court set forth the facts adduced from discovery.

> On [January 4, 2017], [Appellants] entered Sam's Club, Inc. to shop. [Appellants] walked down an aisle in the produce section. Mr. Dahl testified at his deposition on July 15, 2019, that he was "walking towards the cart. I had just smelled strawberries on the cart." Mr. Dahl testified that on January 4, 2017, the cart's front wheels sat approximately four feet from the aisle, and that as he approached the cart, he was standing on the inside of the aisle and was sniffing the fruit on the top. He further described, "so I reached over and I smelled them, the strawberries, and I said, I don't care for them. And she [Mrs. Dahl] said, all right, where are the lemons. And I looked to see the lemons, started moving towards the lemons, and tripped over the front of the cart." Mr. Dahl further testified, "yeah, I was aware of the cart. I was expecting the cart to be a four foot cart, not a six or eight foot cart for some reason."

> Exhibit 9 from the deposition shows a blue cart with stacked boxes of strawberries on it sitting across the width of an aisle at the aisle's end. Mr. Dahl testified that the photograph does not accurately represent the location of the cart on January 4, 2017, in that the handle of the cart was essentially all the way back to where the coolers meet. Mr. Dahl further testified

Q: And, consequently, if you moved the cart back, you're indicating then that the front end of the cart would not come out as far into the aisle that runs perpendicular with the store front, it would actually be more shallow?

A: Yeah. See how that one there kind of blocks the aisleway, it blocks the aisle. So with it pulled back, it doesn't block the aisle.

Furthermore, the short stack of strawberries on the restocking cart in Exhibit 9 were not present at the time of Mr. Dahl's fall, only the taller stack. Both parties agree that the restocking cart was not empty.

Mr. Dahl described his fall. "Okay. I had taken a step with my right foot, and my right foot passed the front of the cart. Then my left foot, I was taking a step with it, and my left foot came up underneath the front of the cart after hitting my shin."

Mrs. Dahl testified slightly differently from her husband at her deposition on July 15, 2019, in that she stated that she took individual boxes out of the cart and asked her husband to smell the strawberries.

Terri Hoffman, an employee of Sam's Club, Inc. from June 2016 to December 2017 testified she was trained in leaving unattended produce carts while stocking shelves. Specifically, she testified that an employee should "make sure that the cart was not empty, that it had items on it, visible items on it, and to make sure that they weren't in a direct walking aisle left unattended." She further testified that the area where Mr. Dahl fell was clean, clear, and dry, and the only thing in the area was the cart with the strawberry boxes on it.

Sam's Club, Inc. stipulates, for the purpose of Summary Judgment, that [Mr. Dahl's] testimony regarding the positioning of the restocking cart is true. Exhibit 9 accurately reflects the type of flatbed cart used by Sam's Club, Inc., and is, in fact, the flatbed restocking cart at issue.

Trial Court Opinion (TCO), 6/29/20, at 3-5 (record citations omitted).

Based on these facts, the trial court granted summary judgment. First, for purposes of its determination, the trial court accepted that the restocking cart was a dangerous condition. It then looked at RESTATEMENT (Second) of Torts, Sections 343 and 343A, which Pennsylvania courts have adopted for the duty of care owed by possessors of land to invitees. The trial court noted that Section 343A provides that a possessor of land will not be liable for harm caused by a condition "whose condition is known or obvious to [invitees], unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id*. at 7. The trial court also noted that whether a danger is known or obvious may be decided by a court if reasonable minds cannot differ as to the conclusion. *Id*. at 9 (citing RESTATEMENT (Second) of Torts, § 343A comment b).

Applying these guidelines, the trial court found that the cart was an open and obvious condition known by Mr. Dahl, as he was aware of the cart but failed to successfully step around it. Moreover, because the cart was open and obvious and Mr. Dahl was aware of it, the trial court found that Sam's Club had no duty to warn of the dangerous condition. As a result, the trial court determined that Sam's Club was entitled to judgment as a matter of law and dismissed Appellants' action. *Id*. at 10. This appeal followed.[1]

---

[1] The standards governing appellate review of an order granting summary judgment are well established:

**II.**

On appeal, Appellants contend that the trial court erred in granting summary judgment based on its finding that the cart was an open and obvious condition to which Sam's Club owed no duty to warn.[2]

_____

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.
>
> An order granting summary judgment will be reversed if the trial court committed an error of law or abused its discretion. The decision relating to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is _de novo_. This means we need not defer to the determinations made by the lower tribunals. It is settled that, [i]f there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

**_Malanchuk v. Sivchuk_**, 148 A.3d 860, 865-66 (Pa. Super. 2016) (_en banc_) (internal citations and quotation marks omitted).

[2] Appellants also contend that the trial court erred when if found, as a matter of law, that the restocking cart was not a dangerous condition. However, the trial court accepted that the cart was a dangerous condition for purposes of summary judgment. **_See_** TCO at 6 ("Taking the facts in the light most favorable to [Appellants], this Court will consider, for purposes of Summary Judgment, that the cart was, in fact, a dangerous condition.").

As a shopper in Sam's Club, Mr. Dahl was a business invitee. "The duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." *Truax v. Roulhac*, 126 A.3d 991, 997 (Pa. Super. 2015) (quotations and citation omitted). In *Carrender v. Fitterer*, 469 A.2d 120 (Pa. 1983), our Supreme Court explained the duty owed by a possessor of land to an invitee. Beginning with a quote from RESTATEMENT (Second) of Torts, Section 343A, it stated:

> Possessors of land owe a duty to protect invitees from foreseeable harm. With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.
>
> Thus, as is made clear by section 343A of the Restatement,
>
> > a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Id*. at 123 (citations omitted and formatting altered). It then went on to explain what constitutes an open and obvious danger:

- 6 -

> A danger is deemed to be "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." For a danger to be "known," it must "not only be known to exist, but ... also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion.

*Id.* at 123-24 (cleaned up).

Appellants contend that there was a factual question that the cart was open and obvious because "there is a difference of fact on where the stocking cart was, and whether it was mostly obscured by the cooler." Appellants' Brief at 25. However, there is no factual dispute over the position of the cart in the aisle since Mr. Dahl clarified its position in the photograph of the cart after the accident, and Sam's Club stipulated to Mr. Dahl's testimony about the position of the cart when he tripped over it. *See* N.T., 7/15/19, at 103 (RR 236a). Moreover, no reasonable minds could differ to the cart being a known obvious condition: Mr. Dahl admitted that he was aware of the cart as he walked in the aisle, and even stopped to smell the strawberries that were stacked on the flatbed of the cart.

We likewise find no merit in Appellants' claim that the trial court erred granting summary judgment because Mr. Dahl was aware of the cart but simply failed to successfully step around it. This conclusion is consistent with comment e to Section 343A, which states:

> If [the invitee] knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

RESTATEMENT (Second) of Torts § 343A, comment e. *See also Carrender*, 469 A.2d at 123-24 (no liability for slip on ice because plaintiff knowingly parked in icy area of parking lot); *Berrocal v. Acme Markets, Inc.*, 2016 WL 6821943 (E.D. Pa. 2016) (relying on *Carrender* to find that plaintiff could not recover for slipping on blueberries on supermarket floor that she was aware of and initially avoided); *Graham v. Moran Foods, Inc.*, 2012 WL 1808952 (E.D. Pa. 2012) (as a matter of law, a pallet on the ground in a supermarket was an obvious condition that plaintiff did not see because she walked backward without looking where she was going).[3]

Here, there is no dispute that Mr. Dahl was aware of the cart, especially since he stopped at the cart to smell the strawberries that were on it. When he was done smelling the strawberries, he wanted to go on to the lemons. At his deposition, he explained how he tripped:

---

[3] "While we recognize that federal district court cases are not binding on this [C]ourt, Pennsylvania appellate courts may utilize the analysis in those cases to the extent we find them persuasive." *Umbelina v. Adams*, 34 A.3d 151, 159 n.2 (Pa. Super. 2011) (citations omitted).

Okay. I had taken a step with my right foot, and my right foot passed the front of the cart. Then my left foot, I was taking a step with it, and my left foot came up underneath the front of the cart after hitting my shin.

N.T., 7/15/19, at 105 (RR 238a).

As the trial court aptly explains, these facts cannot support recovery:

Mr. Dahl knew about the cart. He had knowledge that the cart was located at the end of the aisle, even smelling product that was located on the cart. He was actually standing at the cart immediately prior to his fall. An ordinary man exercising reasonable perception would understand that any object located on the floor be tripped over. The cart was obvious, in that a reasonable man in Mr. Dahl's position would have recognized the danger and avoided harm by exercising ordinary perception, intelligence, and judgment. Sam's Club is only liable under [Section 343A] if it should have anticipated the harm despite Mr. Dahl's knowledge of and the obviousness of the dangerous condition. However, Sam's Club may reasonably assume that an invitee will protect himself using ordinary care. Here, no trier of fact could find that Mr. Dahl exercised ordinary care when he knew that the cart was there and that a danger of tripping was present and still tripped over the cart because he expected the cart to be different than it was. Reasonable minds cannot differ in concluding that the cart was a known and obvious condition that Plaintiff failed to avoid by the exercise of ordinary care. Therefore, Sam's Club had no duty to protect him from a dangerous condition which Mr. Dahl knew existed, where he failed to act using the ordinary care of a reasonable person.

TCO at 9-10.

Appellants nevertheless assert that the trial court erred because of Sam's Club policy not to leave carts in the aisle, arguing that it anticipated the harm of the open and obvious condition. However, they fail to explain how the store's policy negates Mr. Dahl's awareness of the cart and failure to exercise ordinary care in walking around it. Moreover, as Sam's Club points

out, Appellants mischaracterize Sam's Club internal policy for unattended carts. As Teri Hofmann explained at her deposition, Sam's Club employees were to make sure that unattended carts had items visible on them and that they were not left in a direct walking aisle. *See* N.T., 12/10/19, at 20 (RR 381a). As Mr. Dahl admitted, the cart had items on it and was not fully blocking the aisle. We, thus, find no merit to Appellants' argument that Sam's Club anticipated the potential harm to Mr. Dahl despite the open and obvious cart.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2021