NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1574

_____

KENNETH MOKNACH, administrator of the estate of
Patricia Moknach, deceased, and KENNETH MOKNACH,
in his own right,
Appellants

v.

PRESQUE ISLE DOWNS, INC.,
trading and doing business as
Presque Isle Downs and Casino

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-18-cv-00261)
Hon. Susan Paradise Baxter, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 4, 2021

Before: KRAUSE, PHIPPS, and FUENTES, *Circuit Judges*

(Opinion filed:  June 16, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Kenneth Moknach appeals from the District Court's order granting summary judgment in favor of Appellee after his wife sustained injuries while visiting Presque Isle Downs Casino and Resort (the "Casino"). He also filed a Motion for Certification to the Pennsylvania Supreme Court ("Certification Motion") arguing that the state's assumption-of-risk defense should be abolished. For the reasons that follow, we will affirm the District Court's order granting summary judgment and deny the Certification Motion.

## I.[1]

Patricia Moknach visited the Casino with her husband in January 2016. While her husband remained inside, Ms. Moknach ventured onto the Casino's outdoor patio to admire the falling snow and to smoke a cigarette. No casino-related activities take place on the patio during the winter, but it is accessible as a means to enter and exit the Casino. It is also used to store various objects, such as tables and chairs that are not being used.

On the date of the incident, the patio was also being used to store a large sign that normally hung on display at one of the Casino's internal bars. Ms. Moknach exited the Casino, walked onto the patio, and opened a pack of cigarettes. She stopped at a garbage can located near the sign and rested there for some time while she played a game on her

---

[1] This case was initiated in Pennsylvania state court and later removed to the District Court on diversity grounds. The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *See Lupyan v. Corinthian Colls., Inc.*, 761 F.3d 314, 317 (3d Cir. 2014). Summary judgment should be granted when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

tablet. When she eventually turned around and began walking away from the garbage can, Ms. Moknach did not see the sign, tripped over it, and fell. She was injured in the neck and shoulder and required surgery. Moknach sued the Casino for negligence.

## II.

The Casino moved for summary judgment, arguing that it owed no duty to Ms. Moknach because the sign was an "open and obvious" danger. Though Ms. Moknach was an invitee of the Casino, a defendant "is not liable to [its] invitees for physical harm caused to them by any . . . condition on the land whose danger is known or obvious to them."[2] A danger is obvious when the risk is "apparent" and "would be recognized by a reasonable [person], in the position of the visitor, exercising normal perception, intelligence, and judgment."[3]

The District Court explained that the sign was large and certainly visible—it was several feet in length and at least 12 inches high[4]—and that Ms. Moknach was distracted when she fell. It likened this case to one from the Eastern District of Pennsylvania, in which that court concluded that a grocery store owed no duty to a distracted shopper who fell over a large pallet displaying cases of water.[5] Noting that "[i]t is hornbook law in

---

[2]    *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983) (quoting Restatement (Second) of Torts § 343A (Am. L. Inst. 1965)).

[3]    *Id.*

[4]    The sign consisted of letters that spelled out the word "Zelda's." The letters that made up the sign varied between 12 and 30 inches, but the District Court found that the portion of the sign over which Ms. Moknach tripped was on the lower end of this range.

[5]    *See Walker v. Save-A-Lot*, No. 18-95, 2018 WL 2973346, at *2 (E.D. Pa. June 13, 2018).

3

Pennsylvania that a person must look where [she] is going,"[6] the District Court held that the sign posed an obvious hazard that a reasonable person would have noticed; therefore, the Casino owed no duty to Ms. Moknach and was not liable for her injuries.

### III.

### A.

Moknach first asks us to certify the following question to the Pennsylvania Supreme Court: "Whether or not the defense of Assumption of Risk including its counterpart the 'no duty' rule [should] be abolished?".[7] We may certify a question where the issue presented arises under state law and "*will control the outcome* of a case pending in the federal court."[8]

The question Moknach asks us to certify is not dispositive of the issues before us because this is not an assumption-of-risk case. Despite some similarities, the "open and obvious" danger doctrine on which the Casino relies is separate from the assumption-of-risk defense.[9] "Unlike assumption of the risk, which requires actual subjective knowledge,

---

[6] *Id.*; App. 8.

[7] Appellant's Br. at 1, 4. Moknach argues that Pennsylvania state courts have called the assumption-of-risk defense into question but have not yet had the opportunity to decide whether it should be abolished.

[8] L.A.R. 110.1 ("When the procedures of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, . . . may certify such a question to the state court in accordance with the procedures of that court.") (emphasis added); *see* Pa. R. App. P. 3341(c).

[9] *See Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 119 (3d Cir. 1992) (explaining that the assumption-of-risk defense requires "actual subjective knowledge" while the "open and obvious" doctrine asks whether the danger would have been known to an ordinary consumer).

4

the inquiry into whether a danger is open and obvious is an objective one" that is "not dependent upon the actual knowledge of the [injured party] or [her] actual awareness of the danger."[10]  The District Court's decision does not implicate assumption-of-risk principles, and the Casino acknowledges that it could not have raised such a defense—Ms. Moknach testified that she never saw the sign, and so she could not have appreciated or assumed the risk of tripping over it.  For these reasons, we will deny the Certification Motion.[11]

**B.**

We also agree with the District Court's summary judgment analysis and affirm its decision.  The record before us, including surveillance footage, confirms that the sign was large and visible, and that Ms. Moknach was distracted and accidentally tripped over it.  It further confirms that Ms. Moknach was aware that the patio was used to store spare items, such as tables and chairs, and that the area was well lit.  We do not doubt that she was badly injured and are sympathetic to her injuries, but we agree with the District Court that the

---

[10]  *Spowal v. ITW Food Equip. Grp. LLC*, 943 F. Supp. 2d 550, 559 (W.D. Pa. 2013) (internal quotation marks omitted) (quoting *Fleck*, 981 F.2d at 119).

[11]  Moknach fervently argues that the assumption-of-risk doctrine should be abolished but only briefly explains the grounds on which he seeks certification.  The Pennsylvania Supreme Court will accept certification only where "all facts material to the question of law to be determined are undisputed, and the question of law is one that the petitioning court has not previously decided."  Pa. R. App. P. 3341(c).  It will accept certification only where "there are special and important reasons therefor," such as where the issue is one of first impression, there are conflicting decisions in other courts, or the question raises constitutionality concerns.  *Id.*  Even if Moknach's proposed question presents a novel issue, resolution of that issue would still not "control" the outcome here.

sign would have been an obvious hazard to anyone exercising reasonable judgment and care.[12] The Casino therefore owed no duty to Ms. Moknach for the risks created by the sign.

## IV.

For these reasons, we will deny the Certification Motion and affirm the judgment of the District Court.

---

[12] The cases on which Moknach relies do not compel a different result. For instance, he cites *Johnson v. Rulon*, 70 A.2d 325 (Pa. 1950), which involved a restaurant patron who fell through a hidden trapdoor in a high-traffic area where the restaurant's menu was displayed. *Id.* at 326-27. Those facts are much different from the ones before us, where Ms. Moknach tripped over a large sign in front of a garbage can on an open patio that was being used to store unused items.