**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2394
_____

CHARLES HARRIS,
                                    Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-00631)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2022
Before:  RESTREPO, RENDELL, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: September 28, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Charles Harris appeals from the District Court's grant of judgment on the pleadings for defendants. We will vacate and remand to the District Court for further proceedings.

At all relevant times, Harris was incarcerated at United States Penitentiary-Allenwood in White Deer, Pennsylvania.[1] In February 2019, while walking from his housing unit to a computer class, Harris tripped on an uneven sidewalk in the vicinity of Unit 2 and fractured his right foot. After exhausting his administrative remedies, Harris filed a complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 et seq., alleging that the sidewalk had settled, creating a crack with a one-inch height differential. Corrections officers, Harris maintained, were aware of the danger posed by the uneven sidewalk but did not fix the defect.[2] After filing an answer, the Government filed a motion for judgment on the pleadings, which the District Court granted. Harris timely appealed.[3]

We review de novo a district court's order granting a motion for judgment on the pleadings. See Bedoya v. Am. Eagle Express Inc., 914 F.3d 812, 816 n.2 (3d Cir. 2019).

---

[1] Harris is currently incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri.

[2] Harris named as defendants the United States of America and the United States Bureau of Prisons (BOP). On the Government's motion, the District Court dismissed the BOP as defendant because the United States of America is the only proper defendant in an FTCA suit. See CNA v. United States, 535 F.3d 132, 139 n.2 (3d Cir. 2008).

[3] We have jurisdiction under 28 U.S.C. § 1291.

When considering a motion for judgment on the pleadings, a court must accept as true the allegations of the non-moving party, and must draw all reasonable inferences in favor of the non-moving party. See Zimmerman v. Corbett, 873 F.3d 414, 417-18 (3d Cir. 2017). Harris can survive a Rule 12(c) motion if his complaint contains "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quotations and citation omitted).

Pennsylvania tort law governs Harris's FTCA claim. See 28 U.S.C. § 1346(b); DeJesus v. United States Dep't of Veterans Affairs, 479 F.3d 271, 279 (3d Cir. 2007). Harris's case turns on whether the Government owed a duty of care to him. Because Harris is an invitee, see Graf v. County of Northampton, 654 A.2d 131, 134 (Pa. Commw. 1995), the Government is liable for his injury only if it (1) knew of or reasonably would have discovered the land condition (the sidewalk differential), and should have realized that it posed an unreasonable risk of harm; (2) should have expected that Harris would not discover or would have failed to protect himself against the danger; and (3) failed to exercise reasonable care to protect the Harris from the danger. See Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (quoting Restatement (Second) of Torts § 343). Even if the sidewalk differential were known or obvious to Harris, the Government would still be liable if it should have anticipated the harm despite such knowledge or obviousness. See id. (quoting Restatement (Second) of Torts § 343A).

3

In granting judgment for the Government, the District Court deemed it dispositive that Harris knew of the sidewalk condition and its potential dangerousness, an argument repeated by the Government on appeal. But neither considered whether the Government should have anticipated the harm to Harris despite his knowledge of the potential danger. Harris set forth sufficient allegations to raise the question of whether the Government should have anticipated the harm posed by the differential. In particular, he alleged that prison staff used the sidewalk each day and, before he fell, "other prisoners and staff members had also been injured by falling/tripping/stumbling in the same location." ECF No. 1 at pp. 4-5. Because the sidewalks had settled in the twenty-five years since the prison was built, sidewalk cracks were ubiquitous. Id. at p. 4. And, in the summers of 2016 and 2017, the Government replaced a portion of another sidewalk at the prison that was in a similar condition as the location where Harris fell but never fixed the sidewalk near Unit 2. Id. at p. 5.

Relatedly, it is not clear that Harris assumed the risk of the harm by traversing the sidewalk. See Howell v. Clyde, 620 A.2d 1107, 1112-13 (Pa. 1993) (assumption of risk is incorporated in the duty analysis). In its brief supporting judgment on the pleadings, the Government argued that Harris had assumed the risk of the harm by walking on the sidewalk despite the obvious danger it posed. See ECF No. 17 at p. 10. Harris countered that he was unable to avoid the risk because he was "forced to commute" on the sidewalk to attend the computer class and other programs, the sidewalks were "congested" and

4

difficult to see because "hundreds of prisoners" traversed the area at a time, and, even if he could take another path (which he could not), "every several yards" of the surrounding area were equally dangerous. ECF No. 20 at pp. 4-5. Unlike cases where no duty was owed because a plaintiff could easily have avoided the harm, see Carrender, 469 A.2d at 124 (plaintiff assumed the risk of the harm by parking on an ice patch although several ice-free parking spaces were available), Harris sufficiently alleged that the harm was unavoidable. See Kirschbaum v. WRGSB Associates, 243 F.3d 145, 156-57 (3d Cir. 2001) (plaintiff did not assume the risk of the harm by using the stairwell because there was no other way to enter the building).

Accordingly, we will vacate the judgment of the District Court and remand the matter so that the District Court can consider whether the Government should have anticipated Harris's injury. We express no opinion concerning the outcome of that inquiry.