## Freudenvoll v. Stavros

C.P. of Monroe County, no. 8 Civil 1998.

*Kimberly Freudenvoll,* pro se.
*Carl J. Guagliardo,* for defendant Stavros.
*James M. Wetter* and *David S. Smacchi,* for defendant Mellon Bank.

CHESLOCK, *J.,* April 10, 2000—On January 10, 1996, at approximately midnight, while exiting Stavros Pizza Place Inc., plaintiff took one step out the doorway when she allegedly slipped and fell on ice located on the sidewalk directly in front of the entrance/exit to the pizzeria. As a result, plaintiff severely injured her left ankle. Subsequently, she commenced this action by filing a

complaint on June 2, 1998. Plaintiff filed an amended complaint, a second amended complaint, and a third amended complaint on January 8, 1998, February 12, 1998, and April 13, 1998, respectively. On February 2, 1998, defendant, Theodore Llewelyn,[1] filed an answer with new matter. Defendant Llewelyn filed a complaint joining Mellon Bank Inc. as an additional defendant on March 6, 1998.[2] On May 12, 1998, Mellon Bank filed an answer to said joinder complaint. Additional defendant, Mellon Bank filed a motion for summary judgment and a brief in support thereof on October 28, 1999 and October 30, 1999, respectively.[3] Said motion was denied by a court order dated December 6, 1999. On February 7, 2000, Mr. Llewelyn filed a motion for summary judgment and a brief in support thereof. Additional defendant, Mellon Bank, filed a motion for summary judgment and a brief in support thereof on identical grounds on March 16, 2000. Oral argument was heard before this court on April 3, 2000. Defendant Llewelyn and additional defendant, Mellon Bank, were present. Plaintiff failed to appear but filed a memorandum contesting said summary judgment motions on February 22, 2000. We

1. In the above caption the original defendant is labeled Theodore Stavros. Theodore Stavros, also known as Theodore Llewelyn, is the owner/operator of Stavros Pizza.

2. Defendant, Theodore Llewelyn, d.b.a. Stavros Pizza, and additional defendant, Mellon Bank Inc., are collectively referred to as the "defendants" throughout this opinion.

3. Additional defendant, Mellon Bank Inc., filed said motion for summary judgment on the basis that it was a landlord out of possession and therefore not liable for the injuries suffered by the plaintiff, a business invitee.

are now ready to dispose of both summary judgment motions.

When ruling on such a motion, the court may consider pleadings, depositions, answers to interrogatories, admissions, and supporting affidavits. Pa.R.C.P. 1035.1. The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *First Wisconsin Trust Co. v. Strausser,* 439 Pa. Super. 192, 653 A.2d 688 (1995). This court will view the record in the light most favorable to the non-moving party and all doubts concerning the existence of a genuine issue of fact must be resolved in that party's favor. *Dublin by Dublin v. Shuster,* 410 Pa. Super. 1, 598 A.2d 1296 (1991). Summary judgment is only properly granted in cases where the right to judgment is clear and free from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991).

After reviewing the pleadings and plaintiff's deposition testimony, we conclude that plaintiff has failed to establish the element of duty essential to a prima facie case of negligence. Therefore, defendants are entitled to summary judgment.

Defendants contend that plaintiff, by walking over the known and obvious danger of the snow and ice accumulation on the sidewalk to the pizzeria, assumed the risk of slipping and falling. Therefore, defendants owe no duty to the plaintiff.

It is undisputed that plaintiff was a business invitee of the pizzeria. Pennsylvania has adopted the principles set forth in the Restatement (Second) of Torts §§343 and 343A (1965), which govern the possessor's liability to an invitee with respect to conditions on the land which

are known to or discoverable by the possessor. *Carrender v. Fitterer,* 503 Pa. 178, 185, 469 A.2d 120, 123 (1983); *Chiricos v. Forest Lakes Council Boy Scouts of America,* 391 Pa. Super. 491, 571 A.2d 474, 476 (1990). Under the Restatement, a possessor of land is subject to liability if he:

"(a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitee, and

"(b) Should expect that they will not discover or realize the danger, or fail to protect themselves against it, and

"(c) Fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343 (1965).

However: "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts §343A (1965).

A danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." *Carrender,* 503 Pa. at 185, 469 A.2d at 124, quoting Restatement (Second) of Torts §343A cmt. b. To be "known," a danger must be known to exist and be recognized as dangerous and the probability and gravity of the threatened harm must be appreciated. *Carrender,* at 185, 469 A.2d at 124, quoting Restatement (Second) of Torts §343A cmt. b.

Typically, the question of whether a danger is known or obvious is usually a question of fact for the jury. *Carrender,* at 186, 469 A.2d at 124. However, where reasonable minds could not differ as to the conclusion, a court may make the decision. *Id.*

In the case at bar, the record reveals that plaintiff is a high school graduate of normal perception, intelligence, and judgment. In addition, before proceeding into the pizzeria, plaintiff was clearly aware of the snow and ice accumulation at the entranceway. This premise is supported by the following testimony of the plaintiff:

"Q. What I want to know is, when you went into the pizzeria—you were walking, right? Correct?

"A. Yes.

"Q. Did you walk over the area where you later fell?

"A. Yes.

"Q. When you were walking into the pizzeria, did you notice anything about the sidewalk?

"A. There was—like the day before we got lots and lots of snow. So it was snow and ice everywhere. I did notice the phone booth. The snow was up to the bottom of the phone. That's how deep the snow was. . . .

"Q. I had asked you before, when you were walking into the pizzeria what were the conditions of the sidewalks on your way in?

"A. On my way in? There was snow and ice all over. They weren't cleaned off. You know what it looked like? Like when you shovel and there is ice under the snow. That was all left there. Like packed snow from it sitting. . . .

"Q. On your way in, was any part of the sidewalks icy?

"A. Yes.

"Q. Was any part of the sidewalks clear on your way in?

"A. No, I don't believe so. . . .

"Q. Would it be fair to say after you made it into the pizzeria, you knew that the sidewalks leading up to the pizzeria were snow and ice covered?

"A. Yes. . . .

"Q. Did you ever—maybe you wouldn't go into the pizzeria because of the condition of the sidewalks?

"A. No." (See deposition transcript of Kimberly Freudenvoll, pp. 16, 19, 20-21, and 47-48.)

Furthermore, common sense dictates that walking on ice bears the risk of slipping and falling. Nevertheless, plaintiff proceeded across the icy sidewalk to enter the pizzeria knowing that she would have to recross the icy sidewalk to exit the pizzeria. Furthermore, even with this knowledge, plaintiff consumed two shots of brandy and approximately one bottle of beer during her 45-minute stay inside the pizzeria.

In addition, nothing in the record indicates that notwithstanding the obviousness of the danger, the defendants should have anticipated that the snow and ice covered sidewalks might go unnoticed by pizzeria patrons. To the contrary, plaintiff testified that anyone entering or leaving the pizzeria on January 10, 1996 could easily see the snow covered and icy condition of the sidewalk:

"Q. Is it your position that anyone entering or leaving the pizzeria that evening could easily see that condition?

"A. Yes.

"Q. Including you?

"A. Yes.

"Q. Is that the case, that you were easily able to ascertain there was some snow and ice there?

"A. Yes." (See deposition transcript of Kimberly Freudenvoll, pp. 47-48.)

The facts of the case at bar are substantially similar to two cases: (1) *Carrender,* 503 Pa. 178, 469 A.2d 120; and (2) *Ott v. Unclaimed Freight Co.,* 395 Pa. Super. 483, 577 A.2d 894 (1990). In *Carrender,* the plaintiff parked her car over an ice patch on an inclined parking lot used by patients of a chiropractor's office. Plaintiff testified that she was aware of the icy surface before she alighted from her car and that other parking spaces were free of ice and snow. *Id.*

Nonetheless, plaintiff safely crossed the parking lot to the chiropractic clinic but slipped and fell on her return to her parked vehicle. *Id.* Our Supreme Court concluded that the ice patch was a known and obvious danger and the chiropractic clinic could have reasonably expected patients to avoid the ice patch. *Id.* at 187, 469 A.2d at 125. Therefore, the plaintiff failed to establish the duty element of a prima facie case of negligence. *Id.* at 187, 469 A.2d at 125.

In *Ott,* 393 Pa. Super. 483, 577 A.2d 894, while walking to a train station, the plaintiff took a shortcut through a parking lot and slipped and fell on a patch of ice. Plaintiff testified that she could see the ice and could distinguish it from the bare ground. *Id.* In addition, the plaintiff knew that the ice was slippery and that she could slip and fall and be injured. *Id.* On these facts, the court held that the defendants owed no duty to the plaintiff to remove the snow and ice. *Id.* at 492, 577 A.2d at 898.

Like the plaintiffs in *Carrender* and *Ott,* Ms. Freudenvoll was aware of the snow and ice accumulation at the entranceway to the pizzeria. Nonetheless, she proceeded to walk across it. Therefore, we conclude that plaintiff assumed the risk of her injuries and defendants owed no duty to plaintiff.

Plaintiff argues that she was not aware of the ice and snow conditions, and if she was aware of said conditions, 45 minutes was a sufficient time in which to forget said conditions. Plaintiff also emphasizes the fact that she slipped and fell after taking only one step outside the doorway. Therefore, the assumption of risk doctrine is inapplicable.

Plaintiff relies upon *Hardy v. Southland Corp.,* 435 Pa. Super. 237, 645 A.2d 839 (1994), in support. In *Hardy,* the plaintiff entered a 7-Eleven store on a rainy day. *Id.* On her first step onto a wet linoleum floor, she slipped and fell. *Id.* Just before stepping onto the floor, the plaintiff glanced down and saw that it was wet. The *Hardy* court held that the assumption of the risk doctrine was inapplicable because no evidence indicated that plaintiff ever interrupted her normal walking gait, noticed the wet floor, pondered the danger, and then proceeded anyway. *Id.* at 241-42, 645 A.2d at 841.

*Hardy* is distinguishable from the instant matter. Here, plaintiff had safely traveled over the conditions precipitating her fall less than an hour prior to taking her first step to exit the pizzeria. Therefore, she was aware of the conditions. However, in *Hardy,* the plaintiff first encountered the slippery surface as she was falling. Essentially, there was no time for her to consider whether she was going to assume the risk of walking over the wet linoleum.

The assumption of the risk doctrine has not been formally abolished in Pennsylvania. In *Howell v. Clyde,* 533 Pa. 151, 620 A.2d 1107 (1993), it was retained as part of a duty analysis and not as a part of the case to be determined by the jury. This approach preserves the public policy against "recovery for 'self-inflicted' injuries" while at the same time alleviating the difficulty of instructing a jury on voluntariness, knowledge, and scope of the risk. *Id.*

Under this approach, the court may determine that no duty exists only if reasonable minds could not disagree that the plaintiff deliberately, and with the awareness of specific risks inherent in the activity, nonetheless engaged in the activity that produced the injury. *Id.* at 163, 620 A.2d at 1113. Otherwise, the case would be submitted to the jury on a comparative negligence theory. Thus, there are two components to the doctrine: (1) the risk must be perceived; and (2) the risk must be faced voluntarily. *Barrett v. Fredavid Builders Inc.,* 454 Pa. Super. 162, 166, 685 A.2d 129, 131 (1996),

Here, reasonable minds could not differ that plaintiff assumed the risk of her injury. Contrary to plaintiff's argument that she "did not fully appreciate the conditions," her deposition testimony clearly indicates that she saw the snow and ice. In her words, it was "everywhere." Thus, plaintiff perceived the dangerous condition. Furthermore, common sense dictates that walking over icy surfaces bears the risk of slipping and falling. "There are some dangers that are so obvious that they will be held to have been assumed as a matter of law despite assertions of ignorance to the contrary." *Howell,* 533 Pa. at 159 n.9, 620 A.2d at 1111 n.9. "Ice always is slippery,

and a person walking on ice always runs the risk of slipping and falling." *Barrett,* 454 Pa. Super. at 167, 685 A.2d at 131.

Plaintiff also proceeded to face the risk voluntarily. She was not employed by the pizzeria and did not have to enter it for employment purposes. Rather, her presence at the pizzeria was purely a social one. Plaintiff made the choice to frequent the pizzeria, knowing that she would have to walk over snow and ice to enter and exit it.

Due to the aforementioned, we enter the following order:

## ORDER

And now, April 10, 2000, defendant Theodore Llewelyn, d.b.a. Stavros Pizza Place Inc.'s motion for summary judgment is hereby granted. Furthermore, additional defendant Mellon Bank Inc.'s motion for summary judgment is hereby granted.