# Touchette v. Weis Markets, Inc.

*James Conaboy,* for plaintiffs.
*Jason Banonis* and *Frank Baker,* for defendants.

WORTHINGTON, *J.,* March 3, 2011—This matter comes before the court on Mary and Kevin Touchette's (hereinafter "plaintiffs") appeal of our order dated December 8, 2010 granting the defendants' motion for summary judgment. The procedural history of the case is summarized as follows:

On July 7, 2008, the plaintiffs filed a complaint against Weis Markets Inc., T/A Mr. Z's Supermarket (hereinafter "Weis") after Ms. Touchette sustained injuries following a slip and fall in the parking lot area on February 3, 2008.

On July 30, 2008, Weis filed its answer to plaintiffs' complaint claiming that it is a tenant in a limited part of the property and had no responsibility for or right to control the area of the property where Ms. Touchette fell.

On August 28, 2008, the plaintiffs filed an amended complaint adding Mount Pocono Retail, LLC (hereinafter

"MPR") as a defendant in the matter. MPR is the lessor of the property where the fall occurred. On September 5, 2008, Weis filed its answer to plaintiffs' amended complaint and a crossclaim against MPR for breach of contract and negligence. On November 13, 2008, MPR filed its answer and new matter/crossclaim to plaintiffs' amended complaint. On November 30, 2008, MPR filed a praecipe for writ to join additional defendant Grassie & Sons, Inc. Grassie & Sons, Inc. was under contract with MPR for snow removal in the parking lot where the plaintiff fell.

On August 30, 2010, MPR filed a motion for summary judgment, a brief in support and a praecipe for argument. Defendants Weis and Grassie & Sons, Inc. joined in that motion. Argument on MPR's motion for summary judgment was scheduled for December 6, 2010 and granted on December 8, 2010.

The plaintiffs filed a notice of appeal with the Superior Court on January 3, 2011. Accordingly, on January 6, 2011, we ordered that the plaintiffs file a statement pursuant to Pa.R.A.P. 1925(b) within 21 days. Said statement was filed by the plaintiffs on January 20, 2011. We now submit this opinion in accordance with Pa.R.A.P. 1925(a).

In their 1925(b) statement, the plaintiffs argue that the trial court committed an error in granting defendants' motion for summary judgment because there are genuine issues of material fact that exist on liability, namely: 1) Weis and MPR, in their hiring of Grassie & Sons, Inc. to remove snow from the parking lot, created the dangerous, transitory condition that lead to Ms. Touchette's fall; 2)

Weis and MPR were the owners of the parking lot, in possession and control of it, should have known of the dangerous, transitory condition and should have taken steps to prevent the accumulation of snow and ice; 3) plaintiff did not assume the risk of injury and whether she knew of the existence of the risk or fully appreciated the magnitude of that risk is a question of fact to be determined by a jury; and 4) the defendants had a duty to protect Ms. Touchette from the risk of harm that she might fall.

Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroversial allegations in the pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. *Barnish v. KWI Building Company*, 916 A.2d 642, 645 (Pa. Super. 2007).

Oral testimony alone, either through testimonial

affidavits or depositions, of the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact. *Nanty-Glo v. American Surety Co.,* 309 Pa. 236, 163 A.2d 523 (1932). Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Atcovitz v. Gulph Mills Tennis Club, Inc.,* 571 Pa. 580, 585-86, 812 A.2d 1218, 1221-22 (Pa. 2002).

In its motion for summary judgment, the defendants claim that they owed no duty to the plaintiffs because the plaintiffs assumed the risk of injury from a known and avoidable danger. As such, they claim that there are no genuine issues of material fact as to this necessary element of a negligence claim and that, summary judgment should be granted.

It is axiomatic that in order to maintain a negligence action, the plaintiff must show that the defendant had a duty "to conform to a certain standard of conduct;" that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage. *Phillips v. Cricket Lighters,* 576 Pa. 644, 658, 841 A.2d 1000, 1008 (2003).

In applying the above test to the instant matter, we remain cognizant of the fact that we are reviewing the entry of summary judgment on this claim. *Id.* at 1009. Thus, as noted supra, we are directed to view the record "in the light most favorable to the non-moving party. All doubts as to the existence of a genuine issue of material fact must

be resolved against the moving party." *Kanfando*, 764 A.2d 59, 61.

The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, a licensee or invitee. *Carrender v. Fritterer*, 503 Pa. 178, 184, 469 A.2d 120, 123 (1983). In this case, it is undisputed that Ms. Touchette was a business invitee of Weis Markets Inc. Pennsylvania law as to premises liability regarding an invitee was set forth by our Supreme Court in *Carrender*, as follows:

Possessors of land owe a duty to protect invitees from foreseeable harm. Restatement, supra, §§ 341A, 343 & 343A. With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." *Carrender*, 503 Pa. 178, 185, 469 A.2d 120, 123; Restatement, supra, § 343A.

However, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious

to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id.* A danger is deemed to be "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." *Id.*; Restatement, supra, § 343A cmt. b. For a danger to be "known," it must "not only be known to exist, but ... also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." *Carrender*, at 124; Restatement, supra, § 343A cmt. b.

Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion. *Id.*; Restatement, supra, § 328B comments c and d.

*Carrender* is substantively identical to the case at bar. The plaintiff in *Carrender* sustained personal injuries when she slipped and fell on ice in a parking lot at her chiropractor's office. The record from trial revealed that the plaintiff was aware of the ice that she slipped on, and appreciated the danger that it posed, i.e. that it could cause her to slip and fall. Despite such knowledge and appreciation, the plaintiff proceeded to walk on the ice. Under such facts, the Supreme Court held that the legal consequence of the invitee's assumption of a known and avoidable risk is that the possessor of land is relieved of a duty of care to the invitee.

In the case at bar, the record reveals that the plaintiff is a high school graduate of normal perception, intelligence

and judgment. Additionally, plaintiff was clearly aware of the snow and ice accumulation on the parking lot surface next to the vehicle she was exiting. This premise is supported by the following deposition testimony of the plaintiff:

MR. DEISHER: Now, when you got out of your friend's car and stepped onto the parking lot, did you look at the parking lot surface before you stepped on it?

MS. TOUCHETTE: Well, when I opened the door, you saw there was like snow. It was rough and it was white with ice.

MR. DEISHER: Okay. So, you noticed that there was snow and ice on the parking lot surface when you got out of the car?

MS. TOUCHETTE: Yes.

MR. DEISHER: All right. When you stepped out immediately with your right foot, did you step onto the snow and ice?

MS. TOUCHETTE: Yes.

MR. DEISHER: Then also when you stepped out with your left foot, did you step onto the snow and ice.

MS. TOUCHETTE: Yes.

MR. DEISHER: And then there was snow and ice along this whole distance? And let me define what I mean by the whole distance. Between the curb and where you stepped out, all the way running the length of the car to

the back of the curbing area, the back of the island, was there snow and ice along that whole distance?

MS. TOUCHETTE: Yes. N.T., 1/11/10, p. 30-31.

Not only does the record reveal that the plaintiff was aware of the snow and ice on the parking lot surface next to the vehicle she was exiting, but the plaintiff was also aware of the risk she was taking in stepping onto it. This is evidenced by the following testimony:

MR. DEISHER: All right. Now, on your way into the store, and when you walked over that snow and ice, did you have any difficulties? In other words, did you slip and fall, did you almost slip and fall, did you lose your balance?

MS. TOUCHETTE: I stayed very close to the car and took my time.

MR. DEISHER: Did you hold onto the car?

MS. TOUCHETTE: Yes.

MR. DEISHER: Did you hold onto - why did you hold onto the car?

MS. TOUCHETTE: Because I was afraid I was going to slip.

MR. DEISHER: And fall?

MS. TOUCHETTE: Fall, yes.

MR. DEISHER: Because of the ice and snow?

MS. TOUCHETTE: Yes. N.T., 1/11/10, p. 30-32.

After the plaintiff's exit from the vehicle, she made it clear that she encountered no other snow or ice accumulations in the parking lot:

MR. DEISHER: Okay. Just so the record's clear, the ice and snow you're talking about was only in the area on the parking lot surface adjacent to the curb area running the length of the car?

MS. TOUCHETTE: Yes.

MR. DEISHER: On the passenger side?

MS. TOUCHETTE: Yes.

MR. DEISHER: But once you cleared the back of the car and you made a left, you were still in the parking lot, but then there was no ice and snow. Did I get that right?

MS. TOUCHETTE: Correct. N.T., 1/11/10, p. 34.

Common sense dictates that walking on snow and ice bears the risk of slipping, falling and possibly injuring oneself, No one knew this better than the plaintiff. In fact, she specifically testified to the following:

MR. DEISHER: All right. What did you do when Ann (plaintiff's friend) went to take both of the carts back to the cart area?

MS. TOUCHETTE: I was waiting for her to come back.

MR. DEISHER: All right. So, where did you wait? Did you wait in the back of the car? Did you wait, you

know, at the door on the passenger side front? Where did you wait?

MS. TOUCHETTE: In the back of the car.

MR. DEISHER: So, you hadn't tried to get back into the car yet?

MS. TOUCHETTE: No.

MR. DEISHER: Is there any reason why you waited for Ann to get back?

MS. TOUCHETTE: Because of the - the ice and the snow.

MR. DEISHER: All right. Were you concerned about navigating that area where the ice and snow was?

MS. TOUCHETTE: Yes.

MR. DEISHER: Why were you concerned?

MS. TOUCHETTE: Because it looked slippery. N.T., 1/11/10, p. 34.

Despite plaintiff's admitted knowledge that ice and snow was present and her fear that she might fall because of the slippery conditions, she never asked for help nor did she ask her friend and the driver of the vehicle, Debbie Molnar, to back out of the parking space so that she could enter the car safely. N.T., 1/11/10, p. 43-44. In fact, Ms. Molnar specifically testified that nothing prevented her from backing her vehicle out of the parking space so that plaintiff could avoid walking over the ice and snow. N.T., 1/11/10, p. 27-28.

Instead, the plaintiff proceeded to walk over the ice and snow in order to enter the vehicle. It was at that time that the plaintiff slipped and fell, sustaining injuries. N.T., 1/11/10, p. 39-40.

Under the doctrine of assumption of the risk, a defendant is relieved of its duty to protect a plaintiff where the plaintiff has voluntarily and deliberately proceeded to face a known and obvious risk and therefore is considered to have assumed liability for his own injuries. Our Supreme Court on occasion has affirmed a trial court's decision that as a matter of law, a plaintiff voluntarily proceeded in the face of a known risk and absolved the defendant from responsibility for the injuries sustained. *Id.* at 130-31. However, the determination that the plaintiff has assumed the risk of his injuries such that recovery is prevented should occur only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition. *Id.* at 131.

In this case, the plaintiff's deposition testimony clearly indicates that she had actual knowledge of the location of the snow and ice, its slippery propensities and the dangers she faced in voluntarily attempting to walk over it — well before she actually fell. (emphasis added) Furthermore, under Pennsylvania law, there are some dangers that are so obvious that they will be held to have been assumed as a matter of law despite assertions of ignorance to the contrary. *Howell v. Clyde*, 533 Pa. 151, 620 A.2d 1107 (Pa. 1993). Ice is always slippery, and a person walking on ice always runs the risk of slipping and falling. *Barrett v. Fedavid Builders, Inc.*, 685 A.2d 129 (Pa. Super. 1996).

When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks. *Carrender*, at 125; See Harper & James, The Law of Torts, Vol. 2 § 21.1(1956); Prosser, Law of Torts § 68 at 440-446 (4th ed. 1971); Restatement, supra, § 496A comment c & § 496C comments b, d, & e. By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself. *Carrender*, at 125. It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers. Thus, to say that the invitee assumed the risk of injury from a known and avoidable danger is simply another way of expressing the lack of any duty on the part of the possessor to protect the invitee against such dangers. *Id.*

The defendants in this case owed Ms. Touchette a duty to exercise reasonable care to protect her from conditions on the land which were known or discoverable to them. However, the plaintiff assumed the risk of her injury when she knowingly and voluntarily walked over the snow and ice not once, but twice. As such, the defendant's duty to the plaintiff was discharged. We find no genuine issue of material fact on this necessary element of the plaintiff's negligence claim and believe that the granting of defendant's motion for summary judgment is sound.