J-S01021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN SCOTT LONG | : | |
| | : | |
| Appellant | : | No. 868 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 23, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002714-2020

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: FEBRUARY 23, 2024**

Kevin Long appeals from the judgment of sentence entered following his convictions for stalking, disorderly conduct, and scattering rubbish.[1] He challenges the sufficiency of the evidence to sustain each of his convictions. We affirm.

The trial court described the facts in detail as follows:

In September 2019, Stacy Etzweiler began hearing loud explosive noises outside of her home located on Salt Road in Enola, Cumberland County. The noises would happen at random intervals and sometimes occur twice a day. Simultaneously, Ms. Etzweiler's sister-in-law, Stephanie Baker, began hearing the same explosive noises outside her home located on Westwood Drive in Enola. When investigating the source of the noises, Ms. Etzweiler and Ms. Baker both noticed that there [was] debris from fireworks located in their yards. Eventually, both Ms. Etzweiler and Ms. Baker were able to see that a person in a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2709.1(a)(1), 5503(a)(4), and 6501, respectively.

maroon Ford Taurus was throwing fireworks at their homes. Both Ms. Etzweiler and Ms. Baker were able to identify the driver of the vehicle as . . . Kevin Long. Ms. Etzweiler and Ms. Baker knew [Long] because he had previously dated Tracy Baker, Ms. Etzweiler's sister and Ms. Baker's sister-in-law. Tracy Baker lived in Marysville, Ohio at the time, and had a protective order against [Long].

At trial the Commonwealth offered the testimony of both Ms. Baker and Ms. Etzweiler. Ms. Etzweiler testified . . . that she lives on Salt Road, a residential street in Enola, in a single family home with her husband. Ms. Etzweiler stated that she started hearing noises outside her home in September 2019. She said that the noises sounded like "fireworks or M80s." The noises would occur both in the morning and in the evening, and would sometimes happen twice a day. She stated that she had heard the noises before, but started writing the occurrences down in September 2019. Later, when she started noticing that the noises seemed to be directed at her house, she would try to look out her windows to see if she could find the source. On several instances, she would see a "flash" followed by a "boom." She would then see a maroon Ford Taurus driving away from her house. She was able to identify the driver of the vehicle as [Long], whom she had previously met in person.

Ms. Etzweiler testified that the incidents continued to occur through December 2019. Between September and December 2019, there were 18 instances total. Ms. Etzweiler described the fireworks as "explosive . . . it made a loud noise, and it flashed big lights . . . so even at night you could see through my door lit up." She also found debris from the fireworks under her vehicles and in the shrubbery and grass of her front yard. Ms. Etzweiler filed a complaint with the East Pennsboro Township Police and gave them the debris found in her yard.

Ms. Etzweiler testified that she was very worried that the fireworks would cause her property to catch fire. Additionally, many of the incidents occurred when she was home alone, after her husband had left for work. Her biggest worry, however, was that a firework would be thrown at her house while she was out of the house, and she would return to find everything burning.

The repeated occurrence of these incidents prompted Ms. Etzweiler to install cameras on the front of her house, directed at her driveway. Ms. Etzweiler provided the videos to the East

- 2 -

Pennsboro Township Police, and the Commonwealth introduced them at trial, where they were published to the jury. In the video, a car approaches Ms. Etzweiler's home, followed by a white flash. The driver of the vehicle cannot be seen from the video, but Ms. Etzweiler testified that she is able to see more clearly from off camera and was able to identify both [Long] and his vehicle.

The Commonwealth then offered the testimony of Stephanie Baker. Ms. Baker testified that she began hearing fireworks outside her home, located on Westwood drive in Enola, in September of 2019. She stated that the fireworks were "random," occurring as early as 6:00 in the morning or late into the evening. She further stated that sometimes they would hear the explosions once a day, and other times, several times a day. After two months of continued incidents, Ms. Baker noticed that the fireworks were directed at her home, as she continued to find debris in her yard, driveway and flowerbeds.

Ms. Baker testified that she had seen the person throwing fireworks from a car in front of her house in September 2019. She was able to identify that person as [Long], having met him in person on one previous occasion, 4 years prior to the incidents occurring. Ms. Baker testified that she saw [Long] light the firework in his vehicle and throw it out the driver's side window toward her house. The firework then landed on her property. Ms. Baker observed [Long] throw a firework at her home one other time between the first observation and December 2019. She saw firework debris in her yard and heard explosions 10 to 15 additional times. Ms. Baker testified that the explosive noises were accompanied by flashes of light and a shower of sparks.

Ms. Baker testified that she was afraid that one of the fireworks would set her house on fire. Ms. Baker further testified that her neighbors also noticed the fireworks, and had asked her about them.

The Commonwealth then offered the testimony of Officer Ryan Leen with the East Pennsboro Township Police. Officer Leen testified that he spoke with Ms. Etzweiler, Ms. Baker, and [Long]. [Long] admitted to Officer Leen that he had been setting off fireworks in the area of Westwood Village and West Fairview, but he did not respond when asked whether he had set them off in front of Ms. Etzweiler and Ms. Baker's homes.

[Long], after being advised of his rights against self-incrimination, elected to testify. [Long] testified that he currently

lives with his [mother] in Halifax, Dauphin County, but he grew up in East Pennsboro Township. [Long] stated that he still has friends in the area that he visits regularly. [Long] presented a hand-drawn map of the area upon which he marked the residences of several friends and family members and his childhood home.

A sister of one of [Long]'s friends lives right near Salt Road, and [Long] testified that he and his friend were in that area "playing tag passing each other in cars." He stated that he had purchased fireworks "for the holidays," and he and his friend were setting them off in the area. [Long] stated that he visits with friends in East Pennsboro Township "every chance he can get."

[Long stated that he told Officer Leen that he and his friend] "were being idiots." [Long] admitted that he and his friend had discussed the ramifications of setting off the fireworks, including upsetting people or scaring pets, and agreed to "knock it off," because they would get in trouble. [Long] admitted to having "issues" with [Ms.] Baker, but denied intending to cause harm to her sister or sister-in-law. [Long] stated that he did not even really know the exact houses in which they live.

On cross-examination, [Long] admitted that the car involved in the fireworks incidents "looked like [his] car," and that he uses that road every day. [Long] stated that he threw many fireworks on that road, and not just in front of Ms. Etzweiler's home. [Long] admitted to throwing over 1,000 firecrackers in that area, and that he got "totally out of control with it."

The Commonwealth then offered a Facebook posting from [Long's] Facebook page, in which [Long outlined] his version of the events. The drawing, entitled "Gas Lighter Drama," references "Enola," "600 crackers," "sisters," "OH-PA," and "West Fairview." [Long] admitted to making the Facebook post, but said that he did so after his arrest.

Trial Court Opinion, 8/18/23, at 1–7 (record citations omitted).

Following trial on March 30, 2023, a jury found Long guilty of stalking and disorderly conduct. The trial court found Long guilty of scattering rubbish. The trial court sentenced Long to probation and a fine. Long timely appealed.

Long and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Long challenges the sufficiency of the evidence to sustain each of his convictions. This Court's review of a sufficiency challenge follows these well-settled principles:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Nellom*, 234 A.3d 695, 700 (Pa. Super. 2020) (quoting *Commonwealth v. Levy*, 83 A.3d 457, 461 (Pa. Super. 2013)).

In a dispute over identity, even an in-court identification by a single witness is sufficient to establish a defendant as the perpetrator of a crime. *Commonwealth v. Johnson*, 180 A.3d 474, 478 (Pa. Super. 2018) (citations omitted). A lack of corroboration or the introduction of evidence contradicting an identification goes to the weight, not the admissibility, of such evidence. *Id.*

First, Long challenges his stalking conviction. Long contends that the statute requires proof that he targeted a specific individual. Although Long

admits that he often set off fireworks in various neighborhoods, he insists that he did not intend to target the two complainants. Long notes that he had friends and family in the area, and he highlights the lack of testimony that he even knew where Ms. Baker and Ms. Etzweiler lived.

Long is correct that the stalking statute refers to actions against another person. In relevant part: "A person commits the crime of stalking when the person . . . engages in a course of conduct or repeatedly commits acts **toward another person**, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person." 18 Pa.C.S.A. § 2709.1(a)(1) (emphasis added).

Long's challenge fails, however, because there was sufficient evidence for the jury to find that Long targeted Ms. Baker and Ms. Etzweiler by setting off fireworks by their homes. The witnesses identified Long as the person in the maroon Ford Taurus who threw the fireworks. **See Johnson**, **supra**. They testified that he did so numerous times over several months, including in the early mornings and late evenings. The jury could reasonably find that Long was the person who threw fireworks at the homes of Ms. Baker and Ms. Etzweiler, intending to cause them substantial emotional distress.

As further evidence that the complainants were not mere accidental victims, the jury could consider Long's post-arrest drawing on Facebook. Reflecting his intent at the time that he was throwing fireworks, the jury could

find that Long drew Ms. Baker and Ms. Etzweiler under emotional distress with arrows connecting them to the other people involved in his case.



Commonwealth Exhibit 2 (excerpt).

From the evidence at trial, the jury could reject Long's explanation and find that Long intended to target Ms. Baker and Ms. Etzweiler. Therefore, the evidence is sufficient to sustain Long's conviction for stalking. Long's first challenge fails.

Second, Long challenges his conviction for disorderly conduct. He contends that the evidence was insufficient to prove that he created a "hazardous or physically offensive condition" by throwing fireworks. Long notes that the trial evidence was limited to the loud sound of the fireworks and the fear of the complainants that they would cause a fire. Also, Long argues again that the eyewitness identifications were unreliable.

The elements of disorderly conduct come from the statute: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . creates a hazardous or physically offensive condition by any act which serves no

legitimate purpose of the actor." 18 Pa.C.S.A. § 5503(a)(4). The condition must be either "hazardous" or "physically offensive," terms that carry different meanings:

> A condition is hazardous if it involves danger or risk of the possibility of injuries resulting from public disorders. By contrast, the meaning of physically offensive condition encompasses direct assaults on the physical senses of members of the public as opposed to merely morally offensive conduct. The Commonwealth needs to prove that the defendant created either a hazardous condition or a physically offensive condition, not both.

*Commonwealth v. Coniker*, 290 A.3d 725, 735 (Pa. Super. 2023) (quotation marks and citations omitted).

In this case, as noted above, the jury was free to credit the in-court identification of Long as the person who threw the fireworks. *Johnson*, *supra*. Again, any challenge to witness credibility goes to the weight, not the sufficiency, of the identification; Long did not challenge the weight of the evidence. *Id.*

Further, the jury could find that Long created a hazardous or physically offensive condition by throwing lit fireworks near these homes. The hazard of fireworks, even those readily available to consumers, is clear. "[F]ireworks always explode, and a person always encounters a risk of injury from that explosion when he uses fireworks." *Barrett v. Fredavid Builders, Inc.*, 685 A.2d 129, 167 (Pa. Super. 1996). The jury could also find that the loud noise from the fireworks constituted a physically offensive condition. Although another section of the statute could also apply to making an unreasonable noise, *see* 18 Pa.C.S.A. § 5503(a)(2), the section under which Long was

convicted does not exclude assaults on the public's sense of hearing. The evidence was sufficient, and Long's second challenge fails.

Third, Long challenges his conviction for scattering rubbish. He reiterates his argument that the identifications by Ms. Baker and Ms. Etzweiler were inadequate to identify him as the person who threw fireworks from the maroon Ford Taurus, leaving the debris that formed the basis for this crime. As above, the trial court was free to credit this identification. **Johnson**, **supra**. This issue fails, and we affirm Long's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/23/2024