J-S25005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TODD ROTERT AND LAUREN ROTERT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT A. HOPKINS | : | |
| TODD ROTERT AND LAUREN ROTERT | : | No. 84 EDA 2024 |
| | : | |
| v. | : | |
| | : | |
| SUZANNE POTTER | : | |
| | : | |
| APPEAL OF: TODD ROTERT AND LAUREN ROTERT | : | |

Appeal from the Order Entered November 29, 2023
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2022-00309,
2022-00388

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                **FILED AUGUST 15, 2024**

Appellants, Tood Rotert ("Mr. Rotert") and his wife Lauren Rotert (collectively, "Appellants"), appeal from the November 29, 2023 order granting the motion for summary judgment filed by Appellees Scott A. Hopkins ("Mr. Hopkins") and Suzanne Potter ("Ms. Potter") (collectively, "Appellees"). Appellants challenge the trial court's finding Appellees owed Mr. Rotert no duty of care because Mr. Rotert had assumed the risk of his injuries.  After careful review, we affirm.

The relevant facts and procedural history are as follows. On September 29, 2020, Mr. Rotert was at Riverside Dog Park with his dog. Appellees were also at Riverside Dog Park with their three dogs. Mr. Rotert was standing in the center of a field in the park and observed Mr. Hopkins throw a ball "a few times" to his dogs in Mr. Rotert's direction. Trial Ct. Op., 11/29/23, at 3. The first time Mr. Hopkins threw the ball, Mr. Rotert backed up from where he was initially standing, but did not exit the field. Then one of Appellees' dogs ran into Mr. Rotert causing him to fall back onto Appellees' two other dogs and sustain injuries.

Riverside Dog Park is a "run free" dog park that does not require dog owners to keep their dogs on leashes. It has its rules posted on a sign in the park. The rules include: "Dog Handler is responsible for the behavior of their dogs;" "Handler must remain in the park, supervising their dogs at all times;" and, "You are financially responsible for any injury caused by your dog." The sign also includes clearly and in large font: "use park at your own risk."

On July 19, 2022, and November 15, 2022, Appellant filed complaints in negligence against Mr. Hopkins and Ms. Potter, respectively, raising claims of negligence and loss of consortium.[1]

At the conclusion of discovery, on October 25, 2023, Appellees filed a motion for summary judgment asserting that Appellants could not establish that Appellees owed them a duty of care due to assumption of the risk.

---

[1] On February 16, 2023, the court adopted and approved the parties' stipulation to consolidate the cases.

Appellees argued they owed Mr. Rotert no duty of care because once Mr. Rotert chose to go to the middle of the field and remain there, he assumed the risk of a nearby dog running into him.

On November 7, 2023, Appellants filed an answer to the motion contending that Mr. Hopkins had a duty to direct his dogs in a manner so as not to cause harm to Mr. Rotert and that the court should hold him responsible pursuant to the rules of Riverside Dog Park. Appellants also claimed that Mr. Hopkins was liable because he should have known that by throwing a ball over Mr. Rotert's head, it would direct his dogs in Mr. Rotert's direction and cause the injurious contact.

Following its review of the record, the trial court found that Mr. Rotert had assumed the risk of injury when he "voluntarily remained in the general area" to which Mr. Hopkins was throwing the ball to his dogs. *Id.* at 5. The court held that "reasonable minds could not disagree that one assumes the risk of colliding with a dog when standing in a dog park with unleashed dogs running around in close proximity." *Id.* The court also noted that Mr. Rotert was aware of the rules of Riverside Dog Park, which included notice to visitors that they use the park at their own risk. The court, thus, concluded that because Appellants could not make out a *prima facie* case of negligence, no issue of material fact warranting submission of the case to a jury existed.

This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issue on appeal:

Whether the [t]rial [c]ourt made an error in granting summary judgment in favor of Appellees when a genuine issue of material fact existed, at a minimum, as to whether or not [Mr. Rotert] assumed the risk of injury[?]

Appellants' Brief at 5.

**A.**

Appellants challenge the trial court's order granting summary judgment in favor of Appellees. Our Supreme Court has clarified our role as the appellate court as follows:

On appellate review, [ ] an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted); *see also* Pa.R.Civ.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers*, 997 A.2d at 1159. "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact

- 4 -

against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." ***Id.*** (citation and internal quotation marks omitted).

To establish a *prima facie* case in a negligence action sufficient to withstand a motion for summary judgment, "a plaintiff must establish (1) that he was owed a duty of care, (2) that the duty was breached, (3) that he was injured, and (4) that his injuries were proximately caused by the breach of duty." ***Summers v. Giant Food Stores, Inc.***, 743 A.2d 498, 506 (Pa. Super. 1999) (*en banc*).

"[I]n a negligence action, the question whether a litigant has assumed the risk is a question of law as part of the court's duty analysis, and not a matter for jury determination." ***Staub v. Toy Factory, Inc.***, 749 A.2d 522, 526 (Pa. Super. 2000) (*en banc*). A defendant will establish assumption of the risk as a matter of law "only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition." ***Barret v. Fredavid Builders***, 685 A.2d 129, 131 (Pa. Super. 1996). In order to prevail on assumption of risk, the defendant must establish both the awareness of the risk and voluntariness on the part of the plaintiff. ***Staub***, 749 A.2d at 529.

### B.

Appellants contend that the trial court erred in granting summary judgment in favor of Appellees when it misapplied the doctrine of assumption of the risk. Appellants' Brief at 13-14. Relying on Mr. Rotert's deposition

testimony, Appellants argue that "the facts are disputed as to whether or not Mr. Rotert saw [Appellees'] dog prior to being struck [and] Mr. Rotert testified that the dog came from behind him, and he did not see it until it had swiped him in the legs." *Id.* at 13. Appellants aver that a genuine issue of material fact exists as to whether Mr. Rotert was clearly aware that he was at risk of being knocked over by Appellees' dog when he "was standing in an open field where there was plenty of other space for [Appellees'] dog to [run and] Mr. Hopkins had [the] opportunity to throw a ball in a different area, but voluntarily threw the ball towards Mr. Rotert." *Id.* at 14. Because there was "more than sufficient area" in the field for both parties, Mr. Rotert should not have expected that Appellees' dog would knock him down. *Id.* Appellants assert that, at a minimum, the trial court should have submitted the question of assumption of the risk to a jury.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). *See* Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). This Court "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (citation omitted).

In their brief, Appellants fail to provide an adequate legal framework within which this Court can conduct meaningful appellate review. Although Appellants have provided citation to legal authority, the cases cited pertain generally to the elements of a common-law negligence claim, including those involving animals with the propensity to endanger the safety or property of others—case law which is not relevant here—and generally to the concept of assumption of the risk. Appellants' Brief at 10-11, 13. Appellants have not, however, applied the facts of this case to any pertinent legal authority which would provide guidance regarding the legal issue in question, *i.e.*, whether, as a matter of law, Appellees were not liable for Mr. Rotert's injuries because he had assumed the risk of injury.[2] Accordingly, this Court is unable to evaluate whether the trial court erred as a matter of law in concluding that Mr. Rotert assumed the risk of injury. This defect has precluded us from conducting meaningful appellate review. Accordingly, we conclude that this issue is waived.[3]

_____

[2] We also observe that, although Appellants have relied on Mr. Rotert's deposition testimony in support of their claim, *id.* at 13, Appellants' have not cited to the place in the notes of testimony where these allegedly supportive statements occur, in violation of Pa.R.A.P. 2119(c) (requiring "reference to the place in the record where the matter referred to appears").

[3] Moreover, even if it were not waived, Appellants' claim would fail. Appellants argue that the trial court erroneously concluded that no genuine issue of material fact existed as to whether Mr. Rotert had assumed the risk of injury and that the trial court should have instead submitted this question to the jury. We reiterate that "in a negligence action, the question whether a litigant has assumed the risk is a question of law as part of the court's duty analysis,
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/15/2024

---

and not a matter for jury determination." **Staub**, 749 A.2d 526.  Thus, the trial court—and not a jury—properly decided the question of whether Mr. Rotert had assumed the risk as part of its analysis of the duty, if any, owed to Appellants by Appellees.  Furthermore, once the trial court found that Appellees owed Mr. Rotert no duty of care, the trial court properly concluded that Appellants could not make out a *prima facie* case of negligence and entered summary judgment in Appellees' favor.